# In the United States District Court
# for the Southern District of Georgia
# Waycross Division

| | |
|---|---|
| IN RE: | * |
| | * |
| DOUGLAS ASPHALT COMPANY | * |
| | * |
| ——————————————— | * |
| | * |
| DOUGLAS ASPHALT COMPANY | * |
| | * CV 510-055 |
|     Appellant, | * |
| | * |
| vs. | * |
| | * |
| DONALD F. WALTON, | * |
| UNITED STATES TRUSTEE, REGION 21 | * |
| | * |
|     Appellee. | * |
| | * |

## ORDER

Presently before the Court is Douglas Asphalt Company's appeal from Bankruptcy Court Judge John S. Dalis's order converting Appellant's Chapter 11 case to Chapter 7. For the reasons stated below, the bankruptcy court's order is **AFFIRMED**.

**BACKGROUND**

Appellant Douglas Asphalt, founded in 1971 by principal owner and president Joel Spivey, was once a successful

contractor for a number of state and federal highway construction projects. In 2006, Appellant had 550 employees, ten asphalt plants, and generated gross revenue of approximately $140 million.

Applied Technical Services, an industrial testing company, reported that the asphalt Appellant was using on road projects did not meet state requirements. Third parties that had issued performance bonds on such projects completed the work at their own expense and generated substantial claims against Appellant. As a result of its problems, Appellant laid off all of its employees and ceased business operations in 2007 and began pursuing legal claims against various parties. In a lawsuit against Applied Technical Services, Appellant won a judgment for $150 million. Appellant continues to pursue other legal claims.

On December 2, 2009, Appellant's largest creditors, whose claims total about $162 million, filed an involuntary Chapter 7 bankruptcy petition against it. Appellant, reporting debts of about $220 million, filed a motion for relief under Chapter 11, which the bankruptcy court granted.

On February 5, 2010, the United States Trustee's office conducted a meeting of creditors and stated that Appellant had virtually no equity in its real property or equipment and had no employees, construction contracts, or significant cash flow.

AO 72A
(Rev. 8/82)

The United States Trustee appointed a Chapter 11 trustee on February 17, 2010 and filed a motion to convert the case to Chapter 7, which the bankruptcy court granted and entered on April 12, 2010. Appellant filed a notice of appeal on April 21, 2010.

**DISCUSSION**

**1. Standard of Review**

The bankruptcy court's grant of the U.S. Trustee's motion to convert is subject to "abuse of discretion" review. In re Mobile Freezers, Inc., 146 B.R. 1000, 1001 (S.D. Ala. 1992)(applying "abuse of discretion" standard in reviewing bankruptcy court's denial of motion to convert case from Chapter 11 to Chapter 7). "A bankruptcy judge abuses his discretion if he fails to apply the correct legal standard or his factual findings are clearly erroneous." In re Celotex, 227 F.3d 1336, 1338 (11th Cir. 2000).

**2. 11 U.S.C. § 1112**

Title 11 U.S.C. § 1112 governs motions to convert in bankruptcy cases. Section 1112(b)(1) provides that a court "shall convert a case" to Chapter 7 if the following elements are present: (1) "a party in interest" requests conversion, (2)

3

there is "notice and a hearing" establishing that there are no "unusual circumstances specifically identified by the court that establish that the requested conversion . . . is not in the best interests of creditors and the estate," and (3) the movant establishes cause. 11 U.S.C. § 1112(b)(1).

Even if the movant can establish the foregoing elements, however, the statute provides that the court shall not grant a motion to convert

> absent unusual circumstances specifically identified by the court that establish that such relief is not in the best interests of creditors and the estate, if the debtor or another party in interest objects and establishes that –
>
> (A) there is a reasonable likelihood that a plan will be confirmed . . . within a reasonable period of time; and
> (B) the grounds for granting [a motion to convert] include an act or omission of the debtor other than under paragraph 4(A)–
>     (i) for which there exists a reasonable justification for the act or omission; and
>     (ii) that will be cured within a reasonable period of time fixed by the court.

11 U.S.C. § 1112(b)(2).

### 3. Appellant's Argument

The substantive issue on appeal, according to Appellant's brief, is whether the bankruptcy court abused its discretion by granting the Trustee's motion to convert "without specifically finding and identifying unusual circumstances that establish that denying conversion is not in the best interest of creditors

4

. . . under § 1112(b)(2)." Br. for Appellant 5. Appellant argues that under § 1112(b)(2), if the debtor properly objects to a motion to convert, the court shall not grant the motion "absent unusual circumstances specifically identified by the court that such relief [not granting the conversion] is not in the best interest of creditors and the estate." Id. The objecting party, according to Appellant, "must establish only that there is a reasonable likelihood that a plan will be confirmed within a reasonable time." Id.

In so arguing, Appellant simply ignores an essential part of § 1112(b)(2). To be eligible to object to a motion for conversion and thus trigger the requirement of a finding of "unusual circumstances," the objecting party, as Appellant correctly states, must establish that "there is a reasonable likelihood that a plan will be confirmed within" a certain time. But § 1112(b)(2)(B) plainly states that the objecting party must also establish that "the grounds for granting such relief include an act or omission of the debtor other than under paragraph (4)(A)." 11 U.S.C. § 1112(b)(2)(B). The grounds stated in paragraph (4)(A) are "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation." 11 U.S.C. § 1112(b)(4)(A).

While Appellant argues that an objecting party must "establish only that there is a reasonable likelihood that a

plan will be confirmed within a reasonable time," § 1112(b) clearly provides that in order to object and thus trigger the "unusual circumstances" requirement, a debtor must establish that "there is a reasonable likelihood that a plan will be confirmed" within a reasonable period of time *and* establish that the grounds for granting a motion to convert include something other than the "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation." 11. U.S.C. § 1112(b).

Appellant fails to argue, much less establish, that the relevant grounds for relief include anything other than the "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation." Id. In fact, the Trustee cites precisely those grounds as justifying its motion to convert. Br. for Appellee 9.

The bankruptcy court's finding that such grounds support the Trustee's motion to convert is not "clearly erroneous."[1] The parties do not dispute that Appellant (1) has no significant assets or equity in its property, (2) has no substantial revenue, (3) has no employees, (4) ceased business operations in 2007, and (5) has on-going expenses. See Hr'g Tr. 115-26, April 1, 2010; see also Br. for Appellee 9. These facts indicate that the bankruptcy court did not abuse its discretion in finding

---

[1] The bankruptcy court's order does not specifically state this finding. Nonetheless, the finding is necessary to the bankruptcy court's conclusion.

that there is a "continuing loss to or diminution of the estate." See In re Vallambrosa Holdings, LLC, 419 B.R. 81, 89 (S.D. Ga. 2009)(finding "continuing loss to or diminution of the estate" where debtor ceased business operations, would soon have no equity in its property, and had to pay continuing administrative expenses).

Similarly, the bankruptcy court's finding that there is no "reasonable likelihood of rehabilitation" for Appellant is also not "clearly erroneous." "Rehabilitation 'contemplates the successful maintenance or re-establishment of the debtor's business operations.' " Id. (quoting Loop Corp. v. United States Trustee, 290 B.R. 108, 113 (D. Minn. 2003)). As evidence of the possibility of rehabilitation, Appellant cites (1) the optimistic testimony of Joel Spivey, Appellant's principal owner and president, and (2) a prospective contract for $50,000 that Appellant purports to have secured. Br. for Appellant 7. Spivey's optimism and the possibility of a single contract do not establish that the bankruptcy court abused its discretion in finding that there is no "reasonable likelihood of rehabilitation" in this case, given that Appellant has not engaged in substantial business operations since 2007 and has no employees, no substantial assets, no significant revenue, and virtually no access to necessary performance bonds. See Hr'g Tr. 52-53, 115-26; see also Br. for Appellant 11.

The crux of Appellant's appeal is that the bankruptcy court erred by converting the case "without specifically finding and identifying unusual circumstances that establish that denying conversion is not in the best interest of creditors." Br. for Appellant 4. But the "finding and identifying of unusual circumstances" is required only where the debtor objects to a motion to convert and establishes that, among other things, the grounds for a conversion do not include a "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation." 11 U.S.C. § 1112(b)(2). There is no evidence in the record that the bankruptcy court's finding that such grounds for conversion exist is "clearly erroneous." Because the bankruptcy court reasonably found the facts that precluded Appellant from objecting to the Trustee's motion to convert, § 1112(b)(2) did not require the bankruptcy court to make specific findings of "unusual circumstances." See In re RIA, LLC, No. 09-00588, 2010 WL 1418349, at *1 (Bankr. D.D.C. April 8, 2010)("When § 1112(b)(4)(A) applies, that renders § 1112(b)(2), by its own terms, unavailable for the court to decide not to dismiss or convert the case."). As a result, the Court finds that the bankruptcy court did not abuse its discretion in converting the case from Chapter 11 to Chapter 7 "without specifically finding and identifying unusual circumstances that establish that

AO 72A
(Rev. 8/82)

denying conversion is not in the best interest of creditors."
Br. for Appellant 4.

**CONCLUSION**

For the reasons stated, the bankruptcy court's order is **AFFIRMED**.

**SO ORDERED**, this 16th day of November, 2010.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA